# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID S. HOPPER,

        Petitioner,       :    Case No. 1:14-cv-652

  - vs -                            District Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

SHERRI DUFFEY, Warden,
 Hocking Correctional Facility,

                                   :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner David Hopper pursuant to 28 U.S.C. § 2254.  Hopper seeks relief from a judgment of the Warren County Common Pleas Court which, on June 16, 2008, sentenced him to forty years imprisonment (Petition, ECF No. 1, PageID 1).  On Magistrate Judge Karen Litkovitz's Order (ECF No. 3, as amended at ECF No. 17), Respondent has filed a Return of Writ (ECF No. 19) and Petitioner has filed a Reply (ECF No. 23).

Hopper pleads one ground for relief:

> **Ground One:**  Respondent has not kept promises made petitioner in order to secure his guilty plea and the sentence imposed is contrary to law.
>
> **Supporting Facts:**  The record clearly establishes that the State of Ohio has not honored its promise[s] made in order to secure Petitioner's guilty plea, when the State made unfulfillable [sic] promises of concurrent state and Federal sentences. Petitioner was originally sentenced in the United States District Court for the Eastern District of Kentucky (06CR0015DLB1) on November 7,

1

> 2007, pursuant to two (2) violations of 18 USCS § 924(c). The State of Ohio promised to run the State sentence concurrent to the federally imposed 924(c) sentences, despite 924 (c) specifically mandating consecutive sentencing. (see attached Memorandum in Support).

(Petition, ECF No. 1, PageID 5.)

**Procedural History**

A Warren County, Ohio, grand jury indicted Hopper on twelve felony counts related to his rape of two victims on the same occasion. On June 16, 2008, he pled guilty to all charges in the indictment except for the sexually violent predator specifications to Counts Five through Eight, which were dismissed as a result of the plea agreement. The trial judge sentenced Hopper to a definite term of imprisonment of forty years. Hopper took no appeal.

However, on March 15, 2013, Hopper moved to withdraw his guilty pleas on the ground that he had discovered, contrary to what he believed was represented to him at the time of plea, that his sentence in this case was to be served consecutively to a sentence imposed by a judge of the United States District Court for the Eastern District of Kentucky. The motion was denied and Hopper appealed to the Ohio Twelfth District Court of Appeals raising as a single assignment of error that "[t]he [trial] Court denied Hopper due process when it denied his motion to withdraw his pleading [sic] of guilty which was based on the promise of a sentence that would be served concurrent to [sic] his Kentucky and Federal Sentences." The Twelfth District denied relief both originally and upon reconsideration and the Supreme Court of Ohio declined to take jurisdiction over an appeal. Hopper then filed the instant habeas petition.

## ANALYSIS

Hopper presented his claim to the Twelfth District Court of Appeals on appeal from denial of his motion to withdraw the guilty plea. That court decided the claim as follows:

> [*P1] Defendant-appellant, David Hopper, appeals pro se a decision of the Warren County Court of Common Pleas denying his motion to withdraw his guilty plea under Crim. R. 32.1. For the reasons set forth below, we affirm the decision of the trial court.
>
> [*P2] We note that the record on appeal is very limited, due in large part to the fact that appellant failed to file a transcript for the change of plea or sentencing hearings. The parties do not dispute, however, that this case stems from a series of crimes committed by appellant, which occurred in multiple states. As a result, appellant was charged with multiple offenses in Ohio, Kentucky, and Indiana. Appellant was also charged with multiple federal offenses in connection with those events.
>
> [*P3] Appellant's brief alleges that in 2007, he entered his first guilty plea in the U.S. District Court for the Eastern District of Kentucky for two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c). Appellant was subsequently sentenced to a term of 32 years in federal prison.
>
> [*P4] On June 16, 2008 appellant was indicted on 12 counts in the Warren County Court of Common Pleas for two counts of aggravated burglary, one count of aggravated robbery, four counts of kidnapping, two counts of rape, one count of possession of criminal tools, and one count of gross sexual imposition. Each count included a firearm specification under R.C. 2941.145(A). All three kidnapping counts included both a sexual motivation specification under R.C. 2941.147(A) and a sexually violent predator specification under R.C. 2941.148(A).
>
> [*P5] Appellant subsequently entered a plea of guilty to the offenses and specifications listed in the Warren County indictment, except for the sexually violent predator specifications under R.C. 2941.148(A). The sexually violent predator specifications were later dismissed by the state on all three counts. Appellant was sentenced to a total of 40 years in prison for those counts committed in Warren County. Appellant claims that he believed that the 40-year sentence in Warren County would run concurrent

with his 32-year federal sentence, which was based on his conviction of two counts of 18 U.S.C. 924(c).

[*P6] Approximately five years after his conviction and sentencing for the crimes committed in Warren County, appellant alleges that he first became aware that his federal prison sentence could not be served concurrently with any other state or federal sentences. *See* 18 U.S.C. 924 (c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person").

[*P7] On March 15, 2013, acting pro se, appellant moved to withdraw his guilty plea to the charges brought in the Warren County Court of Common Pleas. In its entry dated April 10, 2013, the trial court denied appellant's motion to withdraw his guilty plea. Appellant now appeals the decision of the trial court, raising the following assignment of error:

[*P8] THE COURT DENIED HOPPER DUE PROCESS, WHEN IT DENIED HIS MOTION TO WITHDRAW HIS PLEADING OF GUILTY, WHICH WAS BASED ON THE PROMISE OF A SENTENCE THAT WOULD BE SERVED CONCURRENT TO HIS KENTUCKY AND FEDERAL SENTENCES.

[*P9] In his sole assignment of error, appellant argues that he should be permitted to withdraw his guilty plea to the offenses committed in Warren County. He alleges that he pled guilty based on the understanding or promise that all of his sentences, including his federal sentence, would be served concurrently. However, since his violation of 18 U.S.C. 924(c) cannot be served concurrently with any other offense, he now alleges that the prosecutor breached the plea agreement and, thus, he should be permitted to withdraw his guilty plea.

[*P10] Appellant is correct in noting that due process requires the state to honor any promise made to a defendant in securing a guilty plea. *State v. Pasturzak*, 4th Dist. Scioto No. 08CA3252, 2009-Ohio-4222, ¶ 13; *State v. Lampson*, 10th Dist. Franklin No. 09-AP-1159, 2010-Ohio-3575, ¶ 9. A breach of such a promise could permit a criminal defendant to withdraw his guilty plea. *Paturzak* at ¶ 13.

[*P11] Generally, a motion to withdraw a guilty plea may only be made before sentence is imposed. Crim.R. 32.1. However, in order

to correct a manifest injustice, "the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 10.

 **[\*P12]** A defendant who seeks to withdraw a guilty plea after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324(1977), paragraph one of the syllabus. A manifest injustice "relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Carter*, 12th Dist. Clinton Nos. CA2010-07-012, CA2010-08-016, 2011-Ohio-414, ¶ 15. The manifest injustice standard "is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases." *Id.; State v. Hopkins*, 12th Dist. Butler No. CA2012-12-246, 2013-Ohio-3674, ¶ 9.

 **[\*P13]** The decision of whether to grant or deny a motion to withdraw a plea of guilty under Crim.R. 32.1 is within the discretion of the trial court. *Smith* at 264; *Hopkins* at ¶ 10. We will not reverse the trial court's decision absent an abuse of discretion. *State v. Kelly*, 12th Dist. Butler No. CA2013-01-020, 2013-Ohio-3675, ¶ 20, 997 N.E.2d 215. A trial court abuses its discretion when its decision was "unreasonable, arbitrary, or unconscionable" and not merely an error of law or judgment. *Id.*, citing *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130, 840 N.E.2d 1032.

 **[\*P14]** Since the appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review. *Williams* at ¶ 18; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *see* App. R. 9(B); *see also* App. R. 16(A)(7). "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp* at 199; *Williams* at ¶ 18; *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3.

 **[\*P15]** A review of the record in this case reveals that appellant did not submit a transcript for the change of plea or sentencing hearings, which was necessary for this appeal. Without a transcript, we cannot determine the validity of any of the assertions that

appellant made in his brief. Therefore, in reviewing this case we must presume the regularity of the proceedings and presume the trial court provided appellant with the proper Crim.R. 11 colloquy and correctly informed appellant of the possible penalties for all of the offenses for which he was about to plead guilty.

 [*P16]  We are assisted in this determination by a written plea form signed by appellant and his counsel. The record reflects that appellant signed a written plea form that listed the charges he was pleading guilty to, as well as the possible sentences for each count. This document states that "I [appellant] have been fully informed by my counsel and by the Court of the charge against me, the penalty provided by law, and of my constitutional rights; I am proceeding voluntarily[.]" The writing further acknowledges that "[n]o promises have been made to me [the appellant] to secure my plea of GUILTY."

 [*P17]  The document makes no reference to any promise or term in the plea agreement that indicates appellant's state charges would be served concurrently with his other federal or state charges. In sum, appellant did not present any evidence that the state promised that appellant's state and federal charges would be served concurrently. Nor is it clear why appellant's federal sentence, which statutorily mandates a consecutive sentence, in any way weighs on the validity of his guilty plea to the crimes committed in Warren County.

 [*P18]  Accordingly, since appellant failed to support his contention of a breach of a plea agreement with any evidence in the record, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Since the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea, appellant sole assignment of error is overruled.

 [*P19]  Judgment affirmed.

*State v. Hopper*, 2013-Ohio-5091, 2013 Ohio App. LEXIS 5286 (12th Dist. Nov. 18, 2013).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131

6

S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Because the Twelfth District's opinion is the last reasoned state court decision in this case and it plainly addresses the merits of Hopper's due process claim, to prevail he must show that it violates 28 U.S.C. § 2254(d)(1).

Although it cited state court decisions as precedent, the Twelfth District accepted the legal premise of Hopper's federal argument: due process requires that plea agreements be enforced. *State v. Hopper, supra,* citing *State v. Pasturzak*, 4th Dist. Scioto No. 08CA3252, 2009-Ohio-4222, ¶ 13; *State v. Lampson*, 10th Dist. Franklin No. 09-AP-1159, 2010-Ohio-3575, ¶ 9. *Pasturzak* cites to *Santobello v. New York*, 404 U.S. 257 (1971), which is the leading and controlling Supreme Court precedent.

But, says Hopper, the Twelfth District's decision is an objectively unreasonable application of *Santobello* because it ignores the actual facts. Hopper argues:

> As to the Respondent's "There was never a promise made by the state of Ohio as to sentencing" argument, this Court needs to look no farther [sic] than two statements made by the trial Court to Hopper and to statements avowed by Hopper's trail [sic] counsel regarding the plea agreement. Those statements follow:
>
> 1) "All these sentences [state] will be served concurrently with the sentences that you have already received in the federal system . . . (See Doc. No. 19, p. 33)(Trail [sic] court hearing, June 16, 2008).
>
> 2) "… therefore under Ohio law this sentence [state] would run concurrently with any other sentences. . ." (See, "Memorandum in Support," Tab E, Trial Court dated April 22, 2013).
>
> 3) "In exchange for the plea, the Judge had indicated he would sentence you [Hopper] to no more than 40 years, to be secured [sic] concurrently with the state and federal time you had already received. To the best of my knowledge, this is the sentence you received in Warren County." (See, Memorandum in Support," Tab

7

     I)(Affidavit of the Hon. Donald E. Oda II, dated December 9, 2013
     [Trail [sic] Counsel]).

(Reply, ECF No. 23, PageID 573-74.)

  The first quotation purports to be from the transcript of the plea and sentencing hearing which actually is in the record at ECF No. 18-2, PageID 526 and comes from Judge Flannery's explanation of his understanding of how the sentences will be served. It is not extracted from anything said to Hopper before he pled guilty.

  The second quotation is from the Warren County Common Pleas Court's Entry Denying Hopper's Supplemental Motion to Withdraw which was based on a newspaper article reporting what Judge Oda had said to a reporter (ECF No. 1-1, PageID 102). It represents Judge Flannery's interpretation of what Ohio law provides with respect to concurrent sentences and not anything that was told to Hopper five years before.

  The last of these three quotations s from Judge Oda's Affidavit Hopper submitted as a supplement to the record on appeal from denial of his motion to withdraw, but the Twelfth District declined to allow the supplement. It noted that Judge Oda's Affidavit was both created and submitted well after the record on appeal was closed on October 23, 2013 (Entry, State Court Record, ECF No. 18, PageID 447).

  None of these three items was before the Twelfth District when it decided Hopper's due process claim. As that court noted in ¶ 15, Hopper did not submit a transcript of the plea hearing and he obviously did not submit Judge Oda's Affidavit because it did not exist at the time the Twelfth District reached its decision on November 18, 2013.

  Thus the Twelfth District determined as a matter of fact, based on the presumption of regularity of trial court proceedings, that Hopper had not been made a promise inconsistent with the sentence imposed on him. Under 28 U.S.C. § 2254(d)(2), Hopper can rebut that

determination only by showing it was unreasonable "in light of the evidence presented in the State court proceedings." He cannot rely on evidence which it was his duty to present to the Twelfth District and which he did not present. Therefore his claim for relief is without merit: the Twelfth District's decision was a reasonable application of *Santobello*, given the evidence before it.

Respondent also defends on the basis that the Petition is time-barred under 28 U.S.C. § 2244(b). That statute provides that a habeas petition must be filed within one year of the last of several dates. The earliest of those dates is the date on which the conviction becomes final. In this case that was July 18, 2008, the last date on which Hopper could have filed a direct appeal. If that is the correct date, then the Petition is time barred because it was not filed until July 15, 2014, almost five years after the statute would have run.

Respondent attributes to Hopper an argument that the statute did not begin to run until he discovered the factual predicate of his claim (Return of Writ, ECF No. 19, PageID 541). Hopper's argument appears as ¶ 18 of the Petition where he pleads, regarding timeliness, that

> The facts for which the post-conviction motion to withdraw guilty plea was predicated were unknown due to ineffective assistance of counsel, prosecutorial misconduct, and plain error of the trial court. This cause relates to the denial of the post-conviction motion before the trial court and not the original judgment, for which said post-conviction motion was based on information left unknown and undiscoverable to petitioner prior to January 2013 due to previously addressed issues.

(Petition, ECF No. 1, PageID 13.)

In the Petition, Hopper relates that he understood his sentences were running concurrently until he talked to a fellow inmate in December 2012. That person had been convicted of charges under 18 U.S.C. § 924(c), the same statute under which Hopper was convicted federally, and advised Hopper

9

> that it was his belief that 924(c) mandated consecutive state to federal sentences based on what his [the other inmate's] counsel had advised." *Id.* at PageID 24. Having heard this, Hopper "immediately corresponded with the Federal Bureau of Prisons (B.O.P.) which responded in a letter received January 7, 2013. Said letter from the B.O.P. unequivocally stated that Petitioner's federal sentence was precluded from running concurrent to the state imposed sentences by the statutory language of § 924(c). . . . On discovering that he had been misadvised and/or mislead [sic] by trial counselor(s), state prosecuting attorney(s), and trial court(s) regarding the concurrent/consecutive nature of his state and federal sentences, Petitioner filed motions/petitions in each trial court to either vacate his sentences or to permit the withdrawal of guilty pleas.

*Id.* at PageID 24-25.

It is federal law and has been since well before 2007 when Hopper entered his guilty plea in federal court that sentences under 18 U.S.C. § 924(c) must be served consecutively to any other federal or state sentence. The excerpts from Hopper's federal sentencing which are quoted in the parties' papers do not show that Judge Bunting told Hopper anything different from that. He did say that what the state courts did was separate from the federal sentence, but any desire by the state courts to run their sentences concurrent with the § 924(c) sentence could not be controlling; under the Supremacy Clause, it is federal law that governs.

The record does show that once he had the conversation with the other inmate, Hopper acted expeditiously. But what he learned was not a factual predicate of his claim, but what the federal law was that governed the concurrent/consecutive sentence. That law is apparent on the fact of 18 U.S.C. § 924(c) and could have been learned by Hopper at any time simply by looking at the statute. Put another way, discovery of a legal proposition is not the same as discovery of a factual predicate and Hopper's ignorance of the relevant law for nearly five years will not excuse his late filing.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).