IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DAVID S. HOPPER,

        Petitioner,       :    Case No. 1:14-cv-652

  - vs -                            District Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

SHERRI DUFFEY, Warden,
Hocking Correctional Facility,

                                   :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Magistrate Judge on recommittal from Judge Dlott (ECF No. 29) to reconsider the case in light of Petitioner's Objections (ECF No. 28).

In the Report and Recommendations, the Magistrate Judge recommended dismissal because (1) the state court decision complained of was not an objectively unreasonable application of clearly established Supreme Court precedent and (2) the Petition was barred by the statute of limitations (Report, ECF No. 27).

Hopper objects that the Report is based on a "misstated factual procedural history of the case and incorrectly applied federal precedent of the United States Supreme Court." (Objections, ECF No. 28, PageID 600.)

Hopper's first objection is

> the Magistrate incorrectly states that Hopper [sic] claim was that his state-sentence was "contrary to what he believed was represented to him at the time of the plea, that his sentence in this

1

> case was to be served consecutively to a sentence imposed by a judge of the United States District Court for the Eastern District of Kentucky."

(Objections, ECF No. 28, PageID 600.)  Hopper has taken the quotation out of context and thereby reversed its meaning.  The whole sentence from which the quotation is lifted reads:

> However, on March 15, 2013, Hopper moved to withdraw his guilty pleas on the ground that he had discovered, contrary to what he believed was represented to him at the time of plea, that his sentence in this case was to be served consecutively to a sentence imposed by a judge of the United States District Court for the Eastern District of Kentucky.

(Report, ECF No. 27, PageID 590.)

Hopper agrees with the Report that the controlling Supreme Court precedent is *Santobello v. New York*, 404 U.S. 257 (1971), which holds that promises made to induce guilty pleas must be enforced.  But Hopper insists the Twelfth District's decision is an objectively unreasonable application of *Santobello* because it ignores the actual facts of his case.  To demonstrate that, Hopper relies on three statements:

> 1) "All these sentences [state] will be served concurrently with the sentences that you have already received in the federal system . . ." (See Doc. No. 19, p. 33)(Trail [sic] court hearing, June 16, 2008).
>
> 2) "… therefore under Ohio law this sentence [state] would run concurrently with any other sentences. . ." (See, "Memorandum in Support," Tab E, Trial Court dated April 22, 2013).
>
> 3) "In exchange for the plea, the Judge had indicated he would sentence you [Hopper] to no more than 40 years, to be secured [sic] concurrently with the state and federal time you had already received. To the best of my knowledge, this is the sentence you received in Warren County." (See, Memorandum in Support," Tab I)(Affidavit of the Hon. Donald E. Oda II, dated December 9, 2013 [Trail [sic] Counsel]).

2

(Reply, ECF No. 23, PageID 573-74, quoted verbatim at Report, ECF No. 27, PageID 595-96.)

**First Statement:  Plea and Sentencing Hearing**

The first of these three statements is taken from the transcript of the plea hearing when Hopper pled guilty in Warren County.  The transcript of that hearing appears at State Court Record (ECF No. 18-2, PageID 503 et seq.)  The time stamp at PageID 503 shows that it was filed with the Warren County Clerk of Courts on December 16, 2013. *Id.*  Judge Flannery asks for the terms of the plea agreement and the following colloquy occurs:

> MS. HUTZEL [the prosecutor]:  Your Honor, it's my understanding that the defendant intends to enter a plea to all charges with the exception of the sexually violent offender specification to the kidnapping charges and that sexually violent offender specification has been dropped by the State. It's my understanding that he will plead as charged. We are asking for 50 years and the Court is going to issue sentence, so there's no specific agreement as to sentence. I think that's it, Your Honor. The only thing that we're lacking is the sexually violent offender specification to the kidnapping charges.
>
> THE COURT: Mr. Oda, is that your understanding of the negotiated agreement?
>
> MR. ODA [defense counsel]: That's correct, Your Honor. Previously we had filed a motion to dismiss, based upon speedy trial grounds. It's my understanding as part of this plea negotiation, we're going to be withdrawing that motion and it will be so withdrawn.

(Transcript, ECF No. 18-2, PageID 505-06.)  Although there was no agreement on sentence, Judge Flannery said in the plea colloquy that "If you plead guilty today, I will be sentencing you to prison for a total of forty years.  That will be made up of some concurrent sentences and some

3

consecutive sentences." *Id.* at PageID 507.  Hopper responded that he had no questions about the consequences of pleading guilty.  *Id.* at PageID 508.  Hopper denied that anyone had made any promises, threats or offers different from what Judge Flanney had just said. *Id.* at PageID 509.  Hopper then pled guilty separately to each of the charges and specifications to which he had agreed to plead.  *Id.* at PageID 509-11.  After the factual basis for the plea was stated, Judge Flannery explained the rights being waived and Hopper reiterated his desire to plead guilty.  *Id.* at PageID 514.  After victim impact statements, the prosecutor again asked for fifty years and Mr. Oda had nothing to add. *Id.* at PageID 522.  In imposing the forty-year sentence, Judge Flannery said:

> I would not agree to a lesser sentence however, because I have no control over any of the other sentences that have already been imposed upon you. I can only deal with the sentences here in the State of Ohio. What happens within the Federal system, even though you've been sentenced to 32 years in prison, they have parole guidelines that are totally different than what we have in Ohio and **so I would not agree to allow you to have a sentence that is only going to run along with that sentence.**

*Id.* at PageID 523 (emphasis added).  However, after imposing sentence, Judge Flannery said "All of these sentences will be served concurrently with the sentences that you have already received in the Federal system and in the various State courts to date."  *Id.* at PageID 526.

The Report concluded that the statement relied on from Judge Flannery comes from his "explanation of his understanding of how the sentences will be served.  It is not extracted from anything said to Hopper before he pled guilty."  (Report, ECF No. 27, PageID 596.)  Review of the entire plea transcript, as quoted above, reveals the accuracy of that assessment.  Before Hopper pled guilty, neither Hutzel nor Oda said anything about the Warren County sentences being concurrent with the federal sentence nor did Hopper say he had been promises concurrent sentences by anyone.

4

**Second Statement:  Order Denying Supplemental Motion to Withdraw Plea**

The second statement on which Hopper relies is extracted from Judge Flannery's April 22, 2013, Entry Denying Supplemental Motion to Withdraw Guilty Plea (State Court Record, ECF No. 18, PageID 298-99).  In the Entry, Judge Flannery noted that the evidence supporting the Supplemental Motion was a newspaper report of an interview with Mr. Oda which "is certainly not evidence. . ." *Id.*  at PageID 298.  Even if it were evidence, Judge Flannery noted that he had personally addressed Hopper and told him that consecutive sentences would be imposed. *Id.*  at PageID 298.  The two sentences from which Hopper extracts his second purportedly probative statement follow:

> No mention was made of any sentences from other Courts and therefore under Ohio law this sentence would run concurrently with any other sentences the defendant was serving at the time. If other Courts have sentenced him consecutively to this Court's sentence, such is not a matter that can be addressed by this Court.

*Id.*  at PageID 299.  This statement represents, as the Report states, "Judge Flannery's interpretation of what Ohio law provides with respect to concurrent sentences."  (Report, ECF No. 27, PageID 596.)  Judge Flannery did not purport to say that this is what had been told to Hopper before he pled guilty five years earlier.  Moreover, Judge Flanney noted Hopper had been dilatory in raising the issue five years after sentencing (Entry, ECF No. 18, PageID 299).

**Third Statement:  Judge Oda's Affidavit**

After losing on his two Motions to Withdraw Plea in the trial court, Hopper obtained an

5

affidavit from his trial counsel, Donald Oda, and attempted to supplement the record on appeal with this affidavit. Judge Oda averred in the affidavit that Judge Flannery had said before the plea that he would sentence Hopper to prison time concurrent with both other State and Federal sentences. Of course, this affidavit contradicts what appears in the record at the time of plea and sentencing, including Hopper's representation to Judge Flannery that nothing other than what is stated in the record had been promised to him.

The three statements, taken together or separately, do not prove that anyone promised Hopper that his Warren County sentences would run concurrently with his federal sentence.

**State Court Consideration of the Three Statements**

Even if these three statements had been proof of a promise enforceable under *Santobello*, they were not before the Twelfth District Court of Appeals on appeal from denial of the motions to withdraw the guilty plea. The Report quotes at length from the November 18, 2013, decision of that court which noted at ¶ 2 that "appellant failed to file a transcript for the change of plea or sentencing hearings." *State v. Hopper*, 2013-Ohio-5091, 2013 Ohio App. LEXIS 5286 (12th Dist. Nov. 18, 2013).

Hopper objects that "the Report is factually incorrect agin [sic] when it states that none of the above points was before the state appellate court when it reached its November 18, 2013, decision. This is simply incorrect." (Objections, ECF No. 28, PageID 602.) As to the decision of Judge Flannery denying the supplemental motion to correct, Hopper's objection is well-taken: that document must have been before the Twelfth District when it made its November 18, 2013, decision. But the plea/sentencing transcript was not there – the Clerk of Courts time stamp at

PageID 503 shows that it was not filed until December 16, 2013, nearly a month after the court's decision. And Judge Oda's Affidavit, the source of the third statement, was not even created until after the November 18, 2013, decision.

Hopper accounts for these anomalies by noting in the Objections that he submitted these two documents to the court of appeals in asking for reconsideration. The State Court Record (ECF No. 18) shows Hopper filed a Motion for Reconsideration on December 2, 2013. *Id.* at PageID 429, et seq. In it he admits that the transcript would have been helpful, but says he did not file it because he did not think a hearing had been held. *Id.* at PageID 432. He then seeks to supplement the record under Ohio R. App. P. 9(E). *Id.* at PageID 433. On December 19, 2013, he further moved to supplement the record by filing Judge Oda's Affidavit (State Court Record, ECF No. 18, PageID 444, et seq.). The Twelfth District denied supplementation of the record, holding "additional material may not be added to the record for purposes of reconsideration." (Entry, ECF No. 18, PageID 447.) It then filed a four-page decision denying relief on reconsideration. *State v. Hopper*, CA2013-04-039 (12th Dist. Feb. 5, 2014)(unreported, copy at ECF No. 18, PageID 448-51). It noted again Hopper's failure to file the plea transcript and refused to excuse his mistake, holding "he must bear the consequences of his mistakes." *Id.* at PageID 451.

Hopper recharacterizes this decision by the Twelfth District as a choice made by that court, rather than its enforcement of a usual rules of Ohio appellate practice.[1] For purposes of federal habeas corpus, however, this Court is bound by the Twelfth District's decision. We cannot reconsider the Ohio state law questions of whether the record should have been permitted to be supplemented; there is no federal constitutional right to supplement the record on appeal in

---

[1] There are actually two rules involved, exclusion of new material on a motion for reconsideration and the requirement that transcripts be timely filed by an appellant.

state court. And we must decide whether the state court decision was objectively unreasonable based on the record properly before the state court. *Cullen v. Pinholster,* 563 U.S. 170 (2011).

In sum, the Twelfth District acted within its authority under Ohio law when it declined to consider Hopper's supplemental evidence. Under *Pinholster, supra,* this Court is limited to the record the state court considered. But even if the Court could consider the three statements, they do not support Hopper's claim that he was promised a Warren County sentence would be concurrent with his federal sentence.

**Statute of Limitations**

The Report also concluded Hopper's Petition was barred by AEDPA's one-year statute of limitations on habeas corpus petitions (Report, ECF No. 27, PageID 597-98). Hopper argued the year did not begin to run until he discovered that his federal sentence under 18 U.S.C. § 924(c) would run consecutive to any state sentence which he learned talking with another inmate in December 2012. The Report reasoned that § 924(c) has always said that a sentence for violating its proscriptions must be served consecutively to any other sentence and Hopper's ignorance of the law was therefore no excuse for his late filing. *Id.* at PageID 598.

Hopper claims Judge Bunning told him his federal and state sentences would run concurrently. He offers no record citation and the extensive quotation from the federal plea colloquy in the Return of Writ belies that claim (ECF No. 19, PageID 543-45). He claims this Court should follow the two Kentucky courts which have recognized his allegedly "identical claim." (Objections, ECF No. 28, PageID 604.) However, the records in those cases are not before this Court and were not considered by the Ohio courts in denying relief. It may well be

that in those cases Hopper was made a promise of concurrent sentencing before pleading guilty, but there was no such promise in this case.

**Conclusion**

Upon reconsideration, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 16, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).